UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 7:12-CR-37-6-FA-1

UNITED STATES OF AMERICA


v.                                                    <u>MEMORANDUM OPINION</u>
                                                      <u>AND ORDER</u>

REYNALDO CALDERON
MELCHOR CALDERON
ROSALIO CALDERON
BILLY SALIZAR-RODRIGUEZ
DANIEL LUNA
ELISEO LUNA
CARLOS DE LA ROSA
JUAN CARLOS MARTINEZ


        In Raleigh, on October 11, 2012, came the defendants,

Reynaldo Calderon, Melchor Calderon, Rosalio Calderon, Billy

Salizar-Rodriguez, Daniel Luna, Eliseo Luna, Carlos De La Rosa,

and Juan Carlos Martinez, in person and by counsel, Bruce A.

Mason, R. Clarke Speaks, Geoffrey W. Hosford, J. Merritt Wagoner,

Joseph L. Bell, Jr., Samuel J. Randall, IV, Brett T. Wentz, and

Walter H. Paramore, III; and came the United States by Denise

Walker, Assistant United States Attorney, for a pretrial motions

hearing in this matter.  The court took up and ruled upon a number

of motions at that hearing.  Those rulings are more specifically

set out herein.

        I.        <u>Motions for Inculpatory Statements (Doc. Nos. 72,</u>
                  <u>77, 83, 89, 117, and 128)</u>

        Defendants Reynaldo Calderon, Eliseo Luna, Juan Carlos

Martinez, Carlos De La Rosa, Billy Salazr-Rodriguez, and Daniel

Luna filed motions for the production of inculpatory statements.

The government contended that it had provided all inculpatory statements of the defendants in its possession and that, should additional inculpatory material become available, it would provide that material as soon as possible. The government also agreed to provide the unredacted statements discussed at the hearing to defense counsel no later than December 4, 2012. Accordingly, the motions for inculpatory statements were **DENIED** as moot.

II.     Motions for Early Release of Jencks Material (Doc. Nos. 83, 90, 123, and 127)

Defendants Reynaldo Calderon, Carlos De La Rosa, Billy Salazr-Rodriguez, and Daniel Luna filed motions for early release of Jencks material. Recognizing that it was without power to order the early release of Jencks material, the court **DENIED** the motions. However, upon inquiry of the government as to when it could produce the requested items, the government agreed to provide Jencks material to opposing counsel on December 4, 2012.

III.    Motions for Production of Favorable Evidence (Doc. Nos. 71, 75, 118, and 126)

Defendants Reynaldo Calderon, Eliseo Luna, Juan Carlos Martinez, and Daniel Luna filed motions for production of favorable evidence. Based upon the government's representation that all Brady and Giglio material had already been supplied and because the other materials sought, i.e., raw notes of law enforcement officers, were not discoverable, the motions were **DENIED.**

IV.     Motions to Disclose Promises and Inducements (Doc. Nos. 86, 92, 101, 124, and 129)

Defendants Reynaldo Calderon, Juan Carlos Martinez, Carlos De La Rosa, Billy Salazar-Rodriguez, and Daniel Luna filed motions to disclose promises and inducements offered to government witnesses in this case.  Based upon the government's representation that these materials had been provided, the motions were **DENIED** as moot.  The court did agree, however, to review the presentence report of the confidential informant to determine whether it contained information about the informant's health and/or substance abuse which would be subject to disclosure.  Having reviewed that presentence report in camera, the court finds nothing that would compel disclosure of those sections of the report.

V.      Motion to Disclose Prior Records of Government Witnesses (Doc. No. 130)

Daniel Luna filed a motion seeking the production of prior criminal records of any alleged co-conspirators, accomplices, informants, co-defendants and witnesses.  Based upon the government's representation that these materials had been provided, the motion was **DENIED** as moot.

VI.     Motions to Exclude In Custody Statements of Co-Conspirators (Doc. Nos. 76, 119, and 131)

Reynaldo Calderon, Daniel Luna, and Juan Carlos Martinez filed motions seeking to exclude the in-custody statements of their co-conspirators.  Finding that the motions were likely premature, the court deferred ruling on these motions and

defendants were directed to bring any specific <u>Bruton</u> problems to the court should they arise.

 VII. <u>Motions to Sequester (Doc. Nos. 78, 85, 91, 120, and 133)</u>

 Defendants Reynaldo Calderon, Juan Carlos Martinez, Carlos De La Rosa, Billy Salazar-Rodriguez, and Daniel Luna filed motions to sequester the witnesses in this case. The government acknowledged that sequestration of witnesses was appropriate. Accordingly, the motions were **GRANTED**. Furthermore, the government shall be permitted to have one agent remain in the courtroom during trial.

 VIII. <u>Motions to Preserve Evidence (Doc. Nos. 87, 94, 121, and 132)</u>

 Defendants Reynaldo Calderon, Carlos De La Rosa, Billy Salazar-Rodriguez, and Daniel Luna filed motions to preserve various types of evidence in the case. Those motions were **GRANTED** to the extent the court required the preservation of the rough notes of the law enforcement agents in this matter. The motions were **DENIED** in all other respects.

 IX. <u>Motions for Notice of Intent to Use 404(b) Evidence (Doc. Nos. 82, 88, 122, and 125)</u>

 Defendants Reynaldo Calderon, Carlos De La Rosa, Billy Salazar-Rodriguez, and Daniel Luna filed motions for the government to provide notice of its intent to use 404(b) evidence. For reasons placed on the record at the hearing, the motions were **GRANTED** and the government was ordered to provide its notice no later than October 31, 2012.

X.          Motions to Sever (Doc. Nos. 73, 79, 96, 134, 136, and 155)

Defendants Eliseo Luna, Juan Carlos Martinez, Rosalio Calderon, Melchor Alberto Calderon-Morales, Billy Salazar-Rodriguez, and Daniel Luna filed motions to sever their trial from that of certain co-defendants and/or to sever certain counts from their trial.[1]  For reasons placed on the record at the hearing, the motions to sever were **DENIED.**

XI.         Motions to Compel Discovery (Doc. Nos. 97 and 135)

Defendants Rosalio Calderon and Melchor Alberto Calderon-Morales filed motions to compel various items of discovery.  At the hearing, defendants conceded that they had been provided all relevant discovery and/or any remaining issues had been disposed of by the court's earlier rulings.  Accordingly, the motions to compel are **DENIED.**

XII.    Other Issues

Trial of this matter was **CONTINUED** to December 10, 2012, at 10:00 a.m., in Raleigh.  The parties were directed to file motions in limine no later than November 15, 2012.

Upon oral motion of counsel for Eliseo Luna, the court agreed to conduct an in camera review of all sealed documents in the court file of the confidential informant in this case.  Having reviewed those documents, the court finds nothing in them to be

---

[1] Billy Salazar-Rodriguez filed a motion for leave to file his motion to sever out of time.  (Doc. No. 154).  That motion was **GRANTED.**

favorable to defendants or materially helpful to their defense.
Accordingly, the motion for access to those documents is **DENIED**.

The Clerk is directed to send a copy of this Memorandum
Opinion and Order to counsel of record, to the United States
Marshal for the Eastern District of North Carolina, and to the
Probation Office of this court.

IT IS SO ORDERED this 11th day of October, 2012.

ENTER:

David A. Faber
Senior United States District Judge