UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

NO: 7:12-CR-37-FA

UNITED STATES OF AMERICA

v.                                    MEMORANDUM OPINION
                                      AND ORDER

REYNALDO CALDERON
MELCHOR CALDERON
ROSALIO CALDERON
BILL SALIZAR-RODRIGUEZ
DANIEL LUNA
ELISEO LUNA
CARLOS DE LA ROSA
JUAN CARLOS MARTINEZ

In Raleigh, on December 10, 2012, came the defendants, Reynaldo Calderon, Melchor Calderon, Rosalio Calderon, Billy Salizar-Rodriguez, Daniel Luna, Eliseo Luna, and Juan Carlos Martinez, in person and by counsel, Bruce Mason, R. Clarke Speaks, Geoffrey W. Hosford, J. Merritt Wagoner, Joseph L. Bell, Jr., Samuel J. Randall, IV, and Walter H. Paramore; and came the United States of America by Denise Walker, Assistant United States Attorney and Shawn Evans, Special Assistant United States Attorney, for a pretrial motions hearing in this matter. The court ruled on a number of motions at the hearing. The rulings are more specifically set out herein.

I.  Motions in Limine to exclude proffered 404(b) evidence
    (Doc. Nos. 175, 176, 178, 179, 180, and 181)

Defendants Billy Salizar-Rodriguez, Juan Carlos Martinez, Reynaldo Calderon, Melchor Calderon, Daniel Luna, and Rosalio Calderon filed motions in limine to exclude any 404(b) evidence noticed by the government on October 31, 2012.  In its response to the defendants' motions in limine and at the hearing, the government contended that the evidence it planned to introduce during its case-in-chief met all four prongs of the Fourth Circuit's test for the admissibility of "other acts" evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.  See United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997)(listing four requirements that evidence of other acts must meet in order to satisfy the strictures of Rule 404(b) of the Federal Rules of Evidence).  In addition, at the hearing the government cited United States v. Chin[1] for the proposition that acts intrinsic to the ones charged fall outside the exclusionary scope of Rule 404(b).  Specifically, the government argued that, at a minimum, the alleged, taped confession of Reynaldo Calderon regarding the alleged murder and kidnapping should be considered acts intrinsic to those charged in this case.[2]

---

[1] 83 F.3d 83 (4th Cir. 1996).

[2] While arguing the law concerning "extrinsic" and "intrinsic" acts, both the government and defense counsel stated "extrinsic" when referring to the type of "other acts" not covered by Rule

Defense counsel Joseph L. Bell countered by arguing that evidence of an alleged murder and kidnapping was entirely unrelated to the charges, unnecessary to the prosecution, and unfair to the defendants in this case. Accordingly, Bell contended that the 404(b) evidence the government proffered failed several prongs of the Fourth Circuit's test. Defense counsel briefly responded to the government's arguments pertaining to United States v. Chin by citing United States v. Wilson.[3] According to Mr. Bell, one of the government's witnesses in Wilson, as well as ballistics and other evidence regarding a shooting not charged in that case, went too far to be considered evidence of acts intrinsic to those charged in that case. Instead, Mr. Bell conceded, if the government's witness in Wilson had stopped short of detailing the facts of the "other act," casual reference to it might have removed the government witness's testimony from the exclusionary scope of Rule 404(b).

After considering the charges in this case, the nature of the 404(b) evidence that the government seeks to introduce during its case-in-chief, and Fourth Circuit case law interpreting Rule 404(b), the court found that, as a general

---

404(b). The court assumes both sides intended to refer to "intrinsic" acts as those not covered by Rule 404(b) and proceeds accordingly.

[3] 624 F.3d 640 (4th Cir. 2010).

3

proposition, evidence of the alleged murder and kidnapping was unfairly prejudicial to the defendants in this case, thus failing the "unfair prejudice" prong of the Fourth Circuit test for admissibility of 404(b) evidence. Given that the Fourth Circuit test is conjunctive, failing any of the prongs requires the court to exclude the evidence as impermissible "other act" evidence under Rule 404(b) of the Federal Rules of Evidence.[4]

Given that the government's proffered 404(b) evidence fails the Fourth Circuit's four-prong test for admissibility, the court **GRANTED** the defendants' motions in limine to exclude the evidence of the alleged murder and kidnapping from the government's case-in-chief as a general proposition. However, the court declined to rule on whether the government could use the murder and kidnapping evidence to rebut an entrapment defense, leaving that issue to be determined at trial. Additionally, the court stated that it would reconsider its ruling if developments at trial "opened the door" to admission of such evidence.

Regarding the government's reference to United States v. Chin, the court concludes, as a general proposition, the alleged murder and kidnapping are acts extrinsic to those charged here. Chin holds that acts intrinsic to the crime charged fall outside

---

[4] The court notes that the proffered 404(b) evidence also fails on the "necessity" prong. See Queen, 132 F.3d at 997 (4th Cir. 1997).

the exclusionary scope of Rule 404(b), so long as they are not admitted solely to demonstrate bad character. Chin, 83 F.3d at 88 (4th Cir. 1996); see also United States v. Lighty, 616 F.3d 321 (4th Cir. 2010); Wilson, 624 F.3d at 640 (4th Cir. 2010). For purposes of determining whether Rule 404(b) applies to "other acts" evidence, the Fourth Circuit views intrinsic acts as acts that are "inextricably intertwined" with the charged act, are "part of a single criminal episode" including the charged act, or are "necessary preliminaries to the crime charged." Wilson, 624, F.3d at 652 (4th Cir. 2010)(quoting Chin, 83 F.3d at 88 (4th Cir. 1996))(internal quotations omitted). Accordingly, the court applied the above Rule 404(b) analysis to evidence of the alleged kidnapping and murder as a general proposition. However, as both the government and Mr. Bell noted during the hearing, specific pieces of evidence referencing acts that might otherwise constitute extrinsic acts may nevertheless fall outside the scope of Rule 404(b).

In Wilson, certain witness testimony of an uncharged shooting could have been viewed as "inextricably intertwined" with the rest of the witness's testimony aimed at demonstrating the defendant's knowledge of what firearm was used in the charged offense. See Wilson, 624 F.3d at 652 (4th Cir. 2010). However, the witness continued to testify in detail regarding the uncharged shooting and the government put on ballistics and

other evidence regarding the same.  No longer could the witness's testimony, in light of all the other evidence admitted to demonstrate the uncharged shooting, be viewed as "inextricably intertwined."  See id.

Here, after in camera review, the court concludes that the transcript of an alleged conversation between defendant Reynaldo Calderon and Fausto Fonseca (Transcript), wherein defendant Reynaldo Calderon braggingly alludes to a previous murder while planning a robbery, falls entirely outside the exclusionary scope of Rule 404(b).  The person alleged to be Reynaldo Calderon neither identifies a specific victim nor provides clear details of the uncharged murder or kidnapping.  Instead, viewing the language that references a contracted murder in light of the entire Transcript, one could conclude no other crime actually occurred.  Instead, one could conclude the speaker simply wanted to demonstrate his capacity, motivation, and willingness to commit the type of crimes charged in this case.  Such puffery in the midst of conspiring to commit a robbery is inextricably intertwined with the conspiracy itself, even though the puffery points to alleged, "other acts."  So long as the government does not use this evidence solely to demonstrate bad character, it falls outside the exclusionary scope of Rule 404(b) of the Federal Rules of Evidence.  See Chin, 83 F.3d at 88 (4th Cir. 1996).

Accordingly, insofar as defendants' motions in limine relate to the Transcript and insofar as defendant Reynaldo Calderon moved at the hearing to specifically exclude the Transcript as improper 404(b) evidence, such motions are **DENIED** in that respect.

II. Renewed Motion to Sever (Doc. No. 177)

Defendant Juan Carlos Martinez filed a renewed motion to sever based on the government's notice of intent to offer evidence of an alleged murder and kidnapping as 404(b) evidence during its case-in-chief. The defendant reasoned that the severity of the murder and kidnapping evidence made his argument for severance stronger now than in his initial motion to sever. See Doc. No. 177, at 1-2. The defendant's reasoning was based, in part, on his insistence that he had neither a hand in nor knowledge of the alleged murder and kidnapping. Id. at 2. Even assuming the latter were true, the court is not persuaded by defendant Martinez's arguments that severance is warranted.

In both his renewed motion to sever and at the hearing, Defendant Martinez readily conceded that Fourth Circuit case law weighed against severance in this matter. See id., at 3 ("It is axiomatic and extremely clear that in nearly every instance—defendants indicted together are tried before the jury in one group; there is a presumption in [the Fourth Circuit] that favors joinder of all defendants."). After hearing the

7

government's arguments against severance and conducting its own research, the court found no case law mandating severance in this case. Moreover, defendant Martinez's arguments imploring the court to disregard the policy of trying co-defendants in a single trial are unpersuasive.

Accordingly, the court **DENIED** defendant Martinez's renewed motion to sever based largely on the fact that the court's grant of the defendants' motions in limine leaves defendant Martinez's grounds for severance largely unchanged from his first motion to sever. Additionally, Fourth Circuit case law weighs against severance in either case. See Lighty, 616 F.3d at 351 (refusing to apply a "per se rule requiring severance each time a capital defendant and a non-capital defendant are charged with the same crimes" because such a rule would undermine the Supreme Court's stated, contrary policy of trying co-defendants together). Should the government introduce evidence of the alleged murder and kidnapping during the government's rebuttal of an entrapment defense, the court believes a curative jury instruction will suffice to preserve defendant Martinez's presumption of innocence in this case.

III. <u>Government's Motion to Continue Trial and Defendant Daniel Luna's Motion to join co-defendant's response to the government's Motion to Continue Trial (Doc. Nos. 183 and 189)</u>

On November 19, 2012, the government filed a motion to continue trial in this matter based on evidentiary developments. <u>See</u> Doc. No. 183. Defendants Rosalio Calderon and Billy Salizar-Rodriguez filed responses opposing the government's motion to continue trial. Doc. Nos. 185, 188. Defendant Juan Carlos Martinez filed a response joining the government's motion to continue trial. Doc. No. 187. Defendant Daniel Luna filed a motion to join in Juan Carlos Martinez's response to the government's motion to continue trial. Doc. No. 189. That motion is **GRANTED**.

Although the court granted defendants' motions in limine to exclude evidence of an alleged murder and kidnapping from the government's case-in-chief, this evidence might still be admitted if the government rebuts an entrapment defense by any of the defendants, for example. Given this possibility, the court **GRANTED** the government's Motion to Continue Trial to provide the government adequate time to prepare the evidence. <u>See</u> Doc. No. 183 (citing the government's need to receive a final autopsy report and information and instruction from the Department of Justice regarding the same).

In deciding to grant the government's motion to continue, the court found that the ends of justice served by granting the motion to continue outweigh the interest of the defendants and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). Moreover, the court specifically considered the factors outlined in 18 U.S.C. § 3161(h)(7)(B) and found that denying the motion "would deny [. . .] the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the time from the filing of the motion to continue to the new trial date is excluded for purposes of the Speedy Trial Act.

The court hereby sets trial in this matter for Monday, March 4, 2013, at 9:30a.m., in Raleigh, and the court requests that the attorneys in this matter be present by 9:00a.m.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Eastern District of North Carolina, and to the Probation Office of this court.

IT IS SO ORDERED this 18th day of December, 2012.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge