```
                    UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NORTH CAROLINA
                          SOUTHERN DIVISION

                        NO: 7:12-CR-37-FA-1
                           7:16-CV-143-FA
```

REYNALDO CALDERON

     Movant,

v.                                  <u>MEMORANDUM OPINION AND ORDER</u>

UNITED STATES OF AMERICA,

     Respondent.

Pending before the court are Reynaldo Calderon's Motions Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. <u>See</u> ECF Nos. 772 and 790. The government has filed a motion to dismiss and a memorandum in support of that motion. <u>See</u> ECF Nos. 1045 and 1046. Calderon, by counsel, responded to the motion to dismiss. <u>See</u> ECF No. 1053.

On February 19, 2013, a federal grand jury sitting in the Eastern District of North Carolina returned a Superseding Indictment charging Reynaldo Calderon and various co-conspirators with multiple counts. <u>See</u> ECF No. 226. Calderon was charged with being an alien in possession of firearms, in violation of 18 U.S.C. § 922(g)(5), (Counts One, Three, and Nine); possession of firearms not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d), (Counts Two and Four); Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951, (Count Six); possession of a

firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(i), (Count Seven); conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846, (Count Eight); conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c), (Count Eleven); kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a), (Count Twelve); kidnapping, in violation of 18 U.S.C. § 1201(a), (Count Thirteen); and carrying and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), (Count Fifteen).

On June 19, 2013, pursuant to a written plea agreement, Calderon pled guilty to Counts Six, Seven, Eight, Twelve, and Thirteen. See ECF Nos. 284 and 288. Pursuant to the terms of the plea agreement, the government would dismiss the remaining counts as to Calderon. On June 26, 2015, Calderon was sentenced to a total term of imprisonment of life plus 120 months. Specifically, he was sentenced to life imprisonment on Counts Eight, Twelve, and Thirteen and 240 months on Count Six, all sentences to run concurrently and 120 months on Count Seven that was to run consecutive to all other counts.

In his motion to vacate, Calderon argues that his conviction on Count Seven must be vacated because the underlying predicate offense of conspiracy to commit Hobbs Act robbery is no

2

longer a crime of violence.  Calderon is correct (and the government concedes) that conspiracy to commit Hobbs Act robbery does not qualify as a predicate crime of violence under 18 U.S.C. § 924(c).  See United States v. Davis, 139 S. Ct. 2319, 2336 (2019); United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019); see also United States v. Smith, Criminal No. 3:08CR283, 2021 WL 3175965, at * (E.D. Va. Jul. 27, 2021) (vacating § 924(c) conviction and sentence where underlying predicate offense was Hobbs Act robbery conspiracy); Simmons v. United States, No. 2:12-cr-00415-DCN-2, 2020 WL 587114, at *2 (D.S.C. Feb. 6, 2020) (same).  The government argues, however, that Calderon's motion to vacate should be dismissed because of the waiver in his plea agreement.  The government also argues that Calerdon's claim is procedurally defaulted.

On direct appeal, the United States Court of Appeals for the Fourth Circuit vacated the § 924(c) conviction for one of Calderon's codefendants who, like Calderon, pled guilty to Count Seven of the superseding indictment.  See United States v. Calderon, No. 15-4420, 774 F. App'x 805, 806 (4th Cir. Aug. 15, 2019) ("Calderon's conviction for use of a firearm in a crime of violence—conspiracy to commit Hobbs Act robbery—cannot stand.  We therefore vacate his conviction for this offense, vacate the sentence, and remand for resentencing.").  It is true the Fourth Circuit did not explicitly address the plea agreement waiver in

3

that case.  However, in another recent case, the Fourth Circuit declined to enforce an appellate waiver in a plea agreement under similar circumstances.  See United States v. Sweeney, No. 15-4456, 833 F. App'x 395, 397 (4th Cir. Jan. 15, 2021) ("Because Sweeney's § 924(c) conviction is not supported by a valid predicate, he has made a showing of actual innocence.  We therefore decline to enforce the waiver and deny the Government's motion to dismiss.").  Likewise, in another case from this court, the court rejected the argument that the government makes herein and declined to enforce a collateral attack waiver holding that the petitioner's "challenge to her § 924(c) conviction [ ] falls outside the scope of the collateral attack waiver."  McClarin v. United States, No. 5:11-CR-279-FL-2, 2021 WL 2019189, at *3 (E.D.N.C. May 20, 2021) (Flanagan, J.); see also Simmons, 2020 WL 587114, at *2 (government conceded as outside the scope of plea agreement waiver prisoner's habeas claim that § 924(c) conviction could not stand because predicate crime of violence was Hobbs Act conspiracy).  Based upon the foregoing authorities, the court finds that Calderon's motion is not subject to dismissal because of the plea agreement waiver.

As for the government's procedural default argument, the court finds that it also fails.  In so concluding, the court relies on the following cases and the authorities cited therein. See McClarin, 2021 WL 2019189, at *3 (finding that petitioner had

4

established cause and prejudice to excuse her procedural default and vacating conviction under § 924(c) where predicate offense was attempted Hobbs Act robbery); United States v. Jimenez-Segura, 476 F. Supp.3d 326, 334 (E.D. Va. 2020) (finding that defendant met the cause-and-prejudice standard to excuse procedural default where underlying predicate for § 924(c) conviction was conspiracy to commit Hobbs Act robbery). In particular, the court's opinion in Jimenez-Segura is thoughtful and well-reasoned and the court follows it here.

The government conceded that Calderon would be entitled to vacatur of his § 924(c) conviction if the court rejected its arguments on collateral attack waiver and procedural default. See ECF No. 1046 at 21 n.2. The court must now fashion an appropriate remedy. As our appeals court has explained:

> [A] district court's resolution of a prisoner's § 2255 petition proceeds in two steps. First, the district court must determine whether the prisoner's sentence is unlawful on one of the specified grounds. . . . If, by contrast, the court determines that the sentence is unlawful, the court "shall vacate and set . . . aside" the sentence. . . . If the district court determines that the prisoner's sentence is unlawful because of some legal defect in his conviction, the court may also vacate the prisoner's conviction. . . .
>
> Second, if the prisoner's sentence (and, depending on the scope of the prisoner's challenge, perhaps one or more of his convictions as well) is set aside, the district court "shall" grant the prisoner an "appropriate" remedy. 28 U.S.C.A. § 2255. While "[t]he § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy,"

5

> United States v. Garcia, 956 F.3d 41, 45 (4th
> Cir. 1992), § 2255 lists the four remedies that
> are appropriate: (1) "discharge the prisoner,"
> (2) "grant [the prisoner] a new trial," (3) "re-
> sentence [the prisoner]," or (4) "correct the
> [prisoner's] sentence." 28 U.S.C.A. § 2255.
> Accordingly, the end result of a successful §
> 2255 proceeding must be the vacatur of the
> prisoner's unlawful sentence (and perhaps one or
> more of his convictions) and one of the
> following: (1) the prisoner's release, (2) the
> grant of a future new trial to the prisoner, (3)
> or a new sentence, be it imposed by (a) a
> resentencing or (b) a corrected sentence.

United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007) (footnotes omitted).

The government has asked that Calderon be resentenced by the court under the sentencing package doctrine if his conviction and sentence on Count Seven are vacated.

> The sentencing package doctrine acknowledges that
> "sentencing on multiple counts is an inherently
> interrelated, interconnected, and holistic
> process which requires a court to craft an
> overall sentence—the sentence package—that
> reflects the guidelines and the relevant §
> 3553(a) factors." United States v. Pearson, 940
> F.3d 1210, 1215 n.10 (11th Cir. 2019) (internal
> quotations omitted). Thus, upon resentencing a
> defendant on the remaining convictions after the
> vacatur of one conviction, the district court may
> "reconfigure the sentencing plan to ensure that
> it remains adequate to satisfy the sentencing
> factors in 18 U.S.C. § 3553(a)." Greenlaw v.
> United States, 554 U.S. 237, 253, 128 S. Ct.
> 2559, 171 L. Ed.2d 399 (2008).

United States v. Tyler, No. 19-4908, 850 F. App'x 175, 177 (4th Cir. Mar. 23, 2021); see also Davis, 139 S. Ct. at 2336 ("[W]hen a defendant's 924(c) conviction is invalidated, court of appeals

6

routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted.") (internal quotation marks omitted).

However, "[w]hile the court is authorized to conduct a resentencing, it is not required to do so, even when requested by one party or the other. Nor does the 'sentence-package theory' make resentencing mandatory." United States v. Sweatt, Criminal Case No. DKC 05-250, 2021 WL 4421047, at *2 (D. Md. Sept. 27, 2021). As another district court explained:

> The court in Hadden found that the sentencing package doctrine does not require district courts to reformulate an entire sentence package when they vacate convictions pursuant to § 2255. 475 F.3d at 669. Specifically, the Fourth Circuit determined that "[t]he district court has broad and flexible power under § 2255 to determine the nature and scope of the remedial proceedings in the first instance . . . and nothing in the sentence-package theory forbids the district courts from doing what the text of § 2255 clearly permits: correct[ing] a prisoner's unlawful sentence without conducting a formal resentenc[ing]." Id. (second alteration added) (internal citations and quotation marks omitted). The Fourth Circuit has reiterated this point on several occasions since Hadden.

Bailey v. United States, Civil No. 2:16-cv-06190, 2021 WL 1602426, at *3 (S.D.W. Va. Apr. 23, 2021) (Copenhaver, J.).

In this case, there is no need to resentence Calderon; the court can simply correct his sentence. Defendant was sentenced to life imprisonment plus 120 months, consisting of

three concurrent life terms of incarceration (as well as a concurrent 240-month sentence) to be followed by the 120-month sentence on Count Seven. Even after vacating the sentence on Count Seven, defendant is still subject to a sentence of life imprisonment. The practical effect of vacating the additional 120-month sentence is minimal. See Sweatt, 2021 WL 4421047, at *2 ("A sentence of 1270 months is effectively a life sentence, particularly for a person of Mr. Sweatt's age at the time of initial sentencing. Thus, the practical effect of vacating the additional thirty-year and life sentences is minimal."). Such a sentence remains adequate to satisfy the sentencing factors set forth in 18 U.S.C. § 3553.

For all these reasons, the court **DENIES** the government's motion to dismiss; **GRANTS** Calderon's Motions to Vacate as follows: 1) Calderon's conviction and sentence on Count Seven, using and carrying firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(ii), is **VACATED**, and 2) all other convictions and sentences remain in full force and effect; and **DISMISSES** this matter from the court's active docket. An Amended Judgment in a Criminal Case (AO245C) consistent with this Order will be entered forthwith.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to defendant, counsel of record, the Office of the Federal Public Defender, and the Probation Office of this court. Ms. Hubbard and/or Mr. Willis should also provide a copy to defendant.

**IT IS SO ORDERED** this 7th day of March, 2022.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge