UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO: 7:12-CR-37-FA-1
7:16-CV-143-FA

REYNALDO CALDERON

    Movant,

v.                              MEMORANDUM OPINION AND ORDER

UNITED STATES OF AMERICA,

    Respondent.

Pending before the court is Reynaldo Calderon's "Motion to Amend or Make Additional Findings After Judgment in a 2255 Action" filed pursuant to Federal Rule of Civil Procedure 59(e). See ECF No. 1168.

On February 19, 2013, a federal grand jury sitting in the Eastern District of North Carolina returned a Superseding Indictment charging Reynaldo Calderon and various co-conspirators with multiple counts. See ECF No. 226. Calderon was charged with being an alien in possession of firearms, in violation of 18 U.S.C. § 922(g)(5), (Counts One, Three, and Nine); possession of firearms not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d), (Counts Two and Four); Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951, (Count Six); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(i), (Count Seven); conspiracy

to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846, (Count Eight); conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c), (Count Eleven); kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a), (Count Twelve); kidnapping, in violation of 18 U.S.C. § 1201(a), (Count Thirteen); and carrying and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), (Count Fifteen).

On June 19, 2013, pursuant to a written plea agreement, Calderon pled guilty to Counts Six, Seven, Eight, Twelve, and Thirteen. See ECF Nos. 284 and 288. Pursuant to the terms of the plea agreement, the government would dismiss the remaining counts as to Calderon. On June 26, 2015, Calderon was sentenced to a total term of imprisonment of life plus 120 months. Specifically, he was sentenced to life imprisonment on Counts Eight, Twelve, and Thirteen and 240 months on Count Six, all sentences to run concurrently and 120 months on Count Seven that was to run consecutive to all other counts.

In his motions to vacate, filed on June 10 and June 20, 2016, Calderon argued that his conviction on Count Seven must be vacated because the underlying predicate offense of conspiracy to commit Hobbs Act robbery is no longer a crime of violence based on the Court's decision in Johnson v. United States, 576 U.S. 591 (2015). See United

States v. Davis, 139 S. Ct. 2319, 2336 (2019); United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019); see also United States v. Smith, Criminal No. 3:08CR283, 2021 WL 3175965, at * (E.D. Va. Jul. 27, 2021) (vacating § 924(c) conviction and sentence where underlying predicate offense was Hobbs Act robbery conspiracy); Simmons v. United States, No. 2:12-cr-00415-DCN-2, 2020 WL 587114, at *2 (D.S.C. Feb. 6, 2020) (same). By Memorandum Opinion and Order dated March 7, 2022, the court granted Calderon's Motion to Vacate his conviction and sentence on Count Seven.

In his motion to amend the judgment, Calderon seeks to amend his motion to vacate to assert additional claims not included in the original 2255 motion. Those new claims include complaints regarding the prosecutor on the case, purported breaches of the plea agreement, the court's failure to grant a motion for a downward departure, and ineffective assistance of counsel. See ECF No. 1168.

The amendment of a motion filed under 28 U.S.C. § 2255 is governed by Rule 15 of the Federal Rules of Civil Procedure. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Under Rule 15(a) of the Federal Rules of Civil Procedure, unless a party is permitted to amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In Foman v. Davis, 371 U.S. 178, 182 (1962), the United States Supreme

Court noted that amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

Calderon first sought to amend his 2255 motion approximately six years after it was filed in 2016.  Thus, any motion to amend is untimely under the one-year statute of limitations found in Section 2255(f).  However, "[w]hen proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances."  Id.  Under Rule 15(c)(2), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]"  In the context of amendments to 2255 motions, the United States Court of Appeals has explained:

> The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c).  If we were to craft such a rule, it would mean that amendments to a § 2255 motion would almost invariably be allowed even after the statute of limitations had expired, because most § 2255 claims arise from a criminal defendant's underlying conviction and sentence.  Such a broad view of "relation back" would undermine the limitations period set by Congress in the AEDPA.

Pittman, 209 F.3d at 318.

4

The claims that Calderon seeks to add do not relate back to his original claim as they involve different conduct, transactions, and occurrences. They are wholly unrelated to his distinct claim arising under Johnson. Because of this, his proposed amended claims are untimely and, therefore, amendment would be futile. Moreover, those claims could have been raised in his initial 2255 motion and, therefore, there is undue delay.

Based upon the foregoing, Calderon's Rule 59(e) motion is **DENIED**. His motions for sealed records in support of a motion to amend (ECF Nos. 1214 and 1227) are **DENIED** as moot. To the extent his request for a copy of the docket sheet, see ECF No. 1221, is before the court it is also **DENIED** as moot. The Clerk has explained what Calderon needs to do to obtain a copy of his docket sheet. See ECF No. 1220.

The Clerk is directed to send copies of this Memorandum Opinion and Order to defendant, counsel of record, and the Probation Office of this court.

**IT IS SO ORDERED** this 20th day of June, 2024.

ENTER:

David A. Faber
Senior United States District Judge